JUDGE MARRERO

'08 CIV 4228

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

MARIMED SHIPPING INC. :

Plaintiff, :

- against - :

PERSIAN GULF SHIPPING CO. INC. a/k/a PERSIAN GULF SHIPPING CO. LTD. a/k/a PGSC and PGSC MARINE LTD., :

Defendants. :

--------------------------------------------------------------X

08 CV ______
ECF CASE

**VERIFIED COMPLAINT**

The Plaintiff, Marimed Shipping Inc. (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendants, Persian Gulf Shipping Co. Inc. a/k/a Persian Gulf Shipping Co. Ltd. a/k/a PGSC (hereinafter "PGSC") and PGSC Marine Ltd. (hereinafter "PGSC Marine")(collectively referred to as "Defendants") allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Monrovia, Liberia.

3. Upon information and belief, at all material times, Defendant PGSC was and still is an entity duly organized and existing by virtue of the laws of Anguilla.

4. Upon information and belief, at all material times, Defendant PGSC Marine was and still is an entity duly organized and existing by virtue of the laws of Anguilla.

5. By a time charter party dated June 21, 2007, Plaintiff, disponent owner, chartered the motor vessel "CENTAURUS" (hereinafter the "Vessel") to the Defendant PGSC, as charterer, for a period of about 6 to 8 months ± 15 days in charterers' option via safeports.

6. Certain disputes arose between the parties regarding the Vessel's late redelivery, PGSC's failure to pay hire and other breaches of the charter party.

7. Specifically, PGSC has failed to pay hire in the total principal sum of $75,098.83. *See Hire Statement annexed hereto as Exhibit "1."*

8. Furthermore, PGSC redelivered the Vessel on April 11, 2008, twenty-three (23) days after the agreed upon redelivery date of March 19, 2008.

9. As a result, the Plaintiff has suffered damages in the principal sum of $992,000 for the lost opportunity of securing further employment for the Vessel at the market rate of $45,000 per day for the period from March 19, 2008 to April 20, 2008 less the hire payable to head owners for this period.

10. Further, the Defendant was unjustly enriched by the profits made by the Vessel during the period from March 19, 2008 to April 20, 2008 and, as such, Plaintiff has suffered damages in the estimate principal sum of $1,100,000 for the defendant PGSC's unjust enrichment.

11. As a result of Defendant PGSC's breach of the charter party contract, Plaintiff has suffered losses in the total principal sum of **$2,167,098.80**, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys' fees.

12. Despite due demand, the Defendant has failed to pay the sums due and owing to the Plaintiff under the charter party.

13. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

14. In accordance with the charter party, the Plaintiff has commenced arbitration and appointed its arbitrator.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $2,167,098.80 |
| B. | Estimated interest on the principal claim at 7.5% for three years | $474,969.25 |
| C. | Attorneys fees and arbitration costs: | $150,000.00 |
| Total: | | **$2,792,068.05** |

16. Defendant PGSC Marine is the alter ego of Defendant PGSC because PGSC dominates and disregards PGSC Marine's corporate form to the extent that PGSC is actually carrying on the business and operations of PGSC Marine as if the same were its own.

17. Upon information and belief, Defendant PGSC Marine is a shell-corporation through which Defendant PGSC conducts its business.

18. Upon information and belief, Defendant PGSC Marine has no separate, independent identity from Defendant PGSC.

19. Upon information and belief, Defendants PGSC Marine and PGSC share a common registered address at: The Hansa Bank Building, 1st Floor, Landsome Road, The Valley, Anguilla.

20. Upon information and belief, Defendant PGSC Marine and PGSC share a common registered agent: Mr. Samuel McCleary.

21. Upon information and belief, Defendant PGSC Marine acts as paying agent, or receiving agent or arranges for other non-parties to satisfy the debts and obligations of Defendant PGSC and/or receive payments being made to Defendant PGSC.

22. Although PGSC Marine was not named in the charter parties, and had no formal relationship to the charters of the Vessel, PGSC Marine made a payment to the Plaintiff on PGSC's behalf. *See wire remittance annexed hereto as Exhibit "2."*

23. Upon information and belief, Defendant PGSC uses Defendant PGSC Marine as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

24. It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter parties.

25. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

26. The Plaintiff seeks an order from this Court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$2,792,068.05** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.   That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.   That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 2, 2008
New York, NY

The Plaintiff,
MARIMED SHIPPING INC.,

By:

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut )
) ss: SOUTHPORT
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: May 2, 2008
Southport, Connecticut

Lauren C. Davies

# EXHIBIT 1

1805

# Marimed

PROVISIONAL FINAL CHARTER HIRE STATEMEN 4/28/2008

M/V: CENTAURUS C/P : 21.06.2007

| HIRE : | $25,000.00 PER DAY | | | | | DEBIT ($) | CREDIT ($) |
|---|---|---|---|---|---|---|---|
| HIRE PERIOD: | FROM : | 6/30/2007 | 12:00 hrs gmt | | | | |
| | TO : | 4/11/2008 | 08:00 hrs gmt | | | | |
| TOTAL HIRE DUE : | 285.8333 | DAYS @ | $25,000.00 | | | | 7,145,833.33 |
| COMMISSION : | 5.00 | % | | | | 357,291.67 | |
| OFF HIRE | | | | JUBAIL | 0.770834 | 20,204.19 | |
| OFF HIRE | | | | BOILER DAM/ | 2.07152 | 53,614.90 | |
| OFF HIRE | | | | STOPPAGE 17. | 0.28472 | 7,329.10 | |
| OFF HIRE | | | | CRANE B/D 29 | 0.0902 | 2,256.46 | |
| OFF HIRE | | | | AT SEA 15-16/ | 0.66319 | 16,762.41 | |
| OFF HIRE | | | | 20.12.2007 | 0.17222 | 4,390.66 | |
| OFF HIRE | | | | A SEA 05.02.2( | 0.19097 | 4,705.87 | |
| OFF HIRE | | | | AT SEA 30:03.: | 0.6875 | 17,336.12 | |
| BUNKERS | | | | | | | |
| IFO ON DELIVERY | 646.400 | MTN X | $360.00 | | | | 232,704.00 |
| MDO ON DELIVERY | 34.500 | MTN X | $630.00 | | | | 21,735.00 |
| IFO ON REDELIVERY | 633.400 | MTN X | $360.00 | | | 228,024.00 | |
| MDO ON REDELIVERY | 19.200 | MTN X | $630.00 | | | 12,096.00 | |
| OWNER'S EXPENSES | | | | | | | |
| ON HIRE SURVEY - 1/3 OF USD 672.00 | | | | | | 224.00 | |
| EST. O/E - SUBJECT TO RCV VOUCHERS | | | | | | 3,000.00 | |
| CHARTERER'S EXPENSES | | | | | | | |
| C/V/E LMPSM USD 1300 PMPR | | | | | | | 12,370.43 |
| COMPENSATION FOR CALLING INDUNESIA | | | | | | | 6,500.00 |
| EXTRA PAYMENT FOR LIME REMOVAL | | | | | | | 3,000.00 |
| INTERIM HOLDS CLEANING PARADIP (VOY 7) | | | | | | | 4,000.00 |
| REPAIRS STEV. DAMAGE | | | | | | | 1,500.00 |
| ADD REPAIS BY CREW | | | | | | | 3,080.00 |
| BALAST WATER AT YUZHNY V.12 - 1700/3 | | | | | | | 566.67 |
| INTERMEDIATE HOLDS CLEANING V.8-11,12 | | | | | | | 17,500.00 |
| 1/3 OF UNSEALING CERTIFICATE ($500.00) | | | | | | | 166.66 |
| 2/4 OF CHARGES INCURRED AT B.I.K | | | | | | | 4,779.50 |
| 50 PCT OFF HIRE SURVEY | | | | | | | 300.00 |
| CARGO SURVEY AT CZA - 1/3 | | | | | | | 666.67 |
| STEVEDORES DAMAGE AT ILICHEVSK | | | | | | | 9,000.00 |
| 50 PCT OF EXTRA PORT COST AT ILICHEVSK | | | | | | | 1,170.50 |
| STEV DAMAGE AT NOVO 29/5-6/6/07 2 WIAI | | | | | | | 3,050.00 |
| STEV DAMAGE AT NOVO HOLD NO. 2 WIAI | | | | | | | 2,250.00 |
| 1/3 PRELOADING SURVEY YUZHNY 2-4/2/08 | | | | | | | 393.48 |
| 1/3 PRELOADING SURVEY ILI. - EURO 4505.74 | | | | | | | 2,284.63 |
| STEV DAMAGES AT J. ALI | | | | | | | 8,200.00 |
| IN LIEU OF HOLDS CLEANING | | | | | | | 4,000.00 |
| REMITTANCES | | | | | | | |
| ########### | 03.07-11.03.2008 | | | | | | |
| 74,792.84 | 03.04.2008 | | | | | | |
| 47,571.86 | 08.04.2008 | | | | | 6,682,716.66 | |
| 47,571.94 | 09.04.2008 | | | | | | |
| BALANCE DUE TO OWNERS | | | | | | 75,098.83 | |
| | | | | | | 7,485,050.87 | 7,485,050.87 |

Bankers : The Royal Bank of Scotland
London Shipping Business Centre Office
Sort code : 16-01-01
IBAN BIC (SWIFT) : RBOSGB2LXXX
Beneficiary : Marimed Shipping Inc
IBAN : GB35 RBOS 1663 0000 2204 54 (0.00)

Correspondent Bank : American Express Bank, New York
SWIFT : AEIBUS33XXX

Marimed Shipping Inc. - 80 Broad Street, Monrovia, Liberia
Correspondence Address: c/o T L T - Sea Containers House, 20 Upper Ground, London SE1 9LH, United Kingdom
marimed-group.com

Marimed Shipping Inc. - 80 Broad Street, Monrovia, Liberia
Correspondence Address: c/o T L T - Sea Containers House, 20 Upper Ground, London SE1 9LH, United Kingdom
marimed-group.com

# EXHIBIT 2

15/02/08-16:12:01 REMITTANCER-3048-000001

------------------- Instance Type and Transmission --------------
Notification (Transmission) of Original sent to SWIFT (ACK)
Network Delivery Status : Network Ack
Priority/Delivery : Normal
Message Input Reference : 1612 080215HBZUGB2LAXXX3909516707
------------------------- Message Header -------------------------
Swift Input : FIN 103 Single Customer Credt Transfer
Sender : HBZUGB2LXXX
HABIB BANK AG ZURICH
LONDON GB
Receiver : RBOSGB2LXXX
ROYAL BANK OF SCOTLAND PLC
LONDON GB
------------------------- Message Text -------------------------
20: Sender's Reference
US080215MGT762
23B: Bank Operation Code
CRED
32A: Val Dte/Curr/Interbnk Settld Amt
Date : 15 February 2008
Currency : USD (US DOLLAR)
Amount : #54,304.00#
33B: Currency/Instructed Amount
Currency : USD (US DOLLAR)
Amount : #54,304.00#
50K: Ordering Customer-Name & Address
PGSC MARINE LTD
52A: Ordering Institution - BIC
HBZUGB2L
HABIB BANK AG ZURICH
LONDON GB
53A: Sender's Correspondent - BIC
CITIUS33
CITIBANK N.A.
NEW YORK,NY US
54A: Receiver's Correspondent - BIC
AEIBUS33
AMERICAN EXPRESS BANK, LTD.
NEW YORK,NY US
57D: Account With Inst -Name & Addr
/SC160101
THE ROYAL BANK OF SCOTLAND
LONDON SHIPPING BUSINESS CENTRE
OFFICE
59: Beneficiary Customer-Name & Addr
/GB35RBOS16630000220454
MARIMED SHIPPING INC
70: Remittance Information
/BNF/REF MV CENTAURUS - OFF HIRE
//CLAIM
71A: Details of Charges
BEN
71F: Sender's Charges
Currency : USD (US DOLLAR)
Amount : #0.00#
------------------------- Message Trailer -------------------------
{MAC:18D4604D}
{CHK:785E76372F22}
PKI Signature: MAC-Equivalent
------------------------- Interventions -------------------------
Category : Network Report
Creation Time : 15/02/08 16:11:40
Application : SWIFT Interface
Operator : SYSTEM
Text
{1:F21HBZUGB2LAXXX3909516707}{4:{177:0802151612}{451:0}}
*End of Message

Atta
Mr Masood