UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIMED SHIPPING INC.                             :

       Plaintiff,                                  :        08 CV 4228
                                                                                        ECF CASE
  - against -                                          :

PERSIAN GULF SHIPPING CO. INC. a/k/a    :
PERSIAN GULF SHIPPING CO. LTD. a/k/a
PGSC and PGSC MARINE LTD.,                  :

       Defendants.                              :
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                          )    ss: SOUTHPORT
County of Fairfield    )

Lauren C. Davies, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the Defendants, PERSIAN GULF SHIPPING CO. INC. a/k/a PERSIAN GULF SHIPPING CO. LTD. a/k/a PGSC and PGSC MARINE LTD., within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants.

3.    I also checked the New York State Department of Corporations' online database,

which showed a listing for PERSIAN GULF SHIPPING CO. INC. as having registered to do business in New York or April 10, 2008. *See NY Department of State Division of Corporations Entity Information annexed hereto as Exhibit "1."*

4. Despite this registration to do business and the appointment of a DOS Process server, I submit that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5. According to the Second Circuit, in order for a defendant to be "found within the district," a two pronged test must be met. First, the defendant must be "found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." *Seawind Compania, S.A. v. Crescent Line, Inc.,* 320 F. 2d 580, 582 (2d Cir. 1963); *quoted in Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GMBH & Co.,* 409 F. Supp. 2d 427, 432 (S.D.N.Y. 2006).

6. Here, the defendant can be found for service of process but not in terms of jurisdiction as mere registration to do business alone is not enough to be "found" for the purposes of Rule B. As stated by the Court in *Erne,* "neither policy underlying Rule B is vindicated by predicating jurisdiction on a mere filing for authorization to do business under the Business Corporation Law. Accordingly, we do not consider such filing to be sufficient to make a showing that a defendant is "found" within the district." *See Erne Shipping,* 409 F. Supp. 2d at 438 (overruled on other grounds); *but see Centauri Shipping Ltd. v. Western Bulk Carriers KS,* 528 F. Supp. 2d 187 (S.D.N.Y. 2007).

7. Upon information and belief, the Defendants has, or will have during the pendency of this action, tangible and intangible property within the District in the hands of ABN

Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A.

### PRAYER FOR ORDER ALLOWING SPECIAL PROCESS SERVER

8. Plaintiff seeks an order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Thomas L. Tisdale, Claurisse A. Campanale-Orozco, Lauren C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories or other process in this action, in addition to the U.S. Marshall to serve the Process of Maritime Attachment and Garnishment and the Verified Complaint, together with any Interrogatories, upon the garnishee(s), together with any other garnishee(s) who, based upon information developed subsequent hereto by the Plaintiff, may hold property of, for or on account of the Defendants.

9. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy an award/judgment ultimately obtained and entered against the Defendants.

10. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involved a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

11.  Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the court amended Process seeking simply to identify other garnishee(s).

**PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS**

12.  Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

13.  This is Plaintiff's first request for this relief made to any Court.

Dated: May 2, 2008
       Southport, CT

_____
Lauren C. Davies

Sworn and subscribed to before me
this 2nd day of May 2008.

_____
Notary Public

-4-

# EXHIBIT 1

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: PERSIAN GULF SHIPPING COMPANY INC.

Selected Entity Status Information

**Current Entity Name:** PERSIAN GULF SHIPPING COMPANY INC.
**Initial DOS Filing Date:** APRIL 10, 2008
**County:** NEW YORK
**Jurisdiction:** ALL OTHERS
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
MAHONEY & KEANE, LLP
111 BROADWAY, TENTH FL.
NEW YORK, NEW YORK, 10006

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page