```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MERIMED SHIPPING INC.,                          08 CV 4228 (VM)

                    Plaintiff,

       -against-

PERSIAN GULF SHIPPING CO., INC. a/k/a
PERSIAN GULF SHIPPING CO. LTD. a/k/a
PGSC and PGSC MARINE LTD.,

                    Defendants.
------------------------------------------X
```

## MEMORANDUM OF LAW
## IN SUPPORT OF ORDER TO SHOW CAUSE

Garth S. Wolfson (GW 7700)

    Of Counsel

**MAHONEY & KEANE, LLP**
Attorneys for Defendant
PERSIAN GULF SHIPPING CO., INC.
a/k/a PERSIAN GULF SHIPPING CO. LTD.
a/k/a PGSC and PGSC MARINE LTD.
11 Hanover Square, Tenth Floor
New York, New York 10005
(212) 385-1422

## TABLE OF CONTENTS

*Page*

STATEMENT OF FACTS..............................................1

ARGUMENT........................................................1

PRELIMINARY STATEMENT...........................................1

POINT I.    THE ATTACHMENT SHOULD BE VACATED ON THE GROUND
            THAT PGSC IS PRESENT IN THIS DISTRICT...............2

CONCLUSION......................................................7

## STATEMENT OF FACTS

For an accurate statement of the pertinent facts, the Court is respectfully referred to the Declaration of Masood Tariq executed on May 19, 2008.

## ARGUMENT

**PRELIMINARY STATEMENT.**

After attaching property under Rule B, "plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. E(4)(f). "The plaintiff has the burden of showing why the seizure should not be vacated." Fed. R. Civ. P. E advisory committee's note.

To comply with constitutional due process, the hearing must be "prompt." Id. Accordingly, "[t]he adversary hearing following arrest or attachment or garnishment that is called for in supplemental Rule E(4)(f) shall be conducted within three (3) court days, unless otherwise ordered." Local Admiralty Rule E.1.

Defendant, PERSIAN GULF SHIPPING CO. INC. (PGSC) a/k/a PERSIAN GULF SHIPPING CO. LTD. a/k/a PGSC and PGSC MARINE LTD., respectfully submits that the papers which caused the writ of maritime attachment and garnishment in this case to be issued are prima facie deficient, and the order of attachment should be vacated, accordingly.

1

**POINT I.        THE ATTACHMENT SHOULD BE VACATED ON THE GROUND THAT PGSC IS PRESENT IN THIS DISTRICT.**

Maritime attachment and garnishment can not be sustained unless the plaintiff carries its burden of showing that the defendant can not be "found within the district." Fed. R. Civ. P. Supp. R. B.

"[T]he requirement is said to present 'a two-pronged inquiry: First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process.'" Seawind Compania, S.A. v. crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963) (quoting United States v. Cia Naviers, Continental S.A., 178 F. Supp. 561, 563 (S.D.N.Y. 1959)); see also, Parkroad Corp. v. China Worldwide Shipping Co., No. 05 Civ. 5085 (GBD), 2005 U.S. Dist. LEXIS 11122, 2005 A.M.C. 1839 (S.D.N.Y. Jun. 6, 2005) ("The defendant's presence in the district is to be determined as of the date the complaint is filed.").

"No matter how convincingly demonstrated the plaintiff's need for security, it will not authorize attachment against a defendant who is present in the district in both senses." Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd., 476 F. Supp. 119, 122 (S.D.N.Y. 1979); see also, Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 443-44 (2d Cir. 2006) ("In our view, this rule comports with the historical role of maritime attachments, and we see no support in the history of attachment caselaw for the less definite test imposed by the

district court in this case.").

At the time the complaint was filed in the case at bar, PGSC was duly registered with the New York State Department of State to do business in New York, with a designated agent for service of process in this District. (Department of State Webpage, Exhibit B1 to Wolfson Declaration; Tariq Declaration, Exhibit D to Wolfson Declaration, at ¶ 13).

Magistrate Judge Gorenstein's decision in Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH, 409 F. Supp. 2d 427 (S.D.N.Y. 2006), represents the only known case upholding an attachment of property belonging to a defendant which had registered to do business before the complaint was filed. The court in Erne noted that "there is ample New York case law stating that such filing is sufficient to subject a foreign corporation to general jurisdiction for any cause of action in New York State. Cases arising in the federal courts have noted the applicability of this doctrine as well." Id. at 436 (citations omitted) (compiling cases). However, Magistrate Judge Gorenstein nevertheless found the defendant's contacts with New York too insubstantial, so the defendant could still not be "found" in the District within the meaning of Rule B. Id. at 436-37.[1]

---

[1] This decision was informed by Magistrate Judge Gorenstein's observation that "a mere filing for authorization to do business provides no security to a plaintiff . . . at least actual presence makes it far more likely that assets might be located in the district to levy should the suit be successful." Id. at 438. But, of course, the Erne court's consideration of the "need" for security as a key factor otherwise guiding the analysis of whether to sustain a Rule B attachment was overruled by Aqua

3

Regardless, at least two other courts have since addressed the issue and expressly rejected the reasoning of Erne. In Express Sea transp. Corp. v. Novel Commodities S.A., No. 06 Civ. 2404 (GEL) (S.D.N.Y. May 5, 2006) (copy attached as Exhibit E to Wolfson Declaration), Judge Lynch held:

> Aside from the fact that Erne appears to this court to be in conflict with Seawind, this court does not find the reasoning of Erne persuasive. The magistrate judge in Erne concluded that the defendant's registration to do business in New York and the accompanying consent to general jurisdiction was insufficient to amount to being found in the district for purposes of jurisdiction. The court's conclusion was based on an analysis of the purposes of maritime attachment, which it concluded require actual presence based on actual activity within the district. First, the court concluded that actual presence would make it more likely that assets would be found within the district to provide security for plaintiff. This appears to be inapposite. A Rule B attachment presupposes that there are assets in the district, assets that have already been attached. Second, the court concluded that registration would not guarantee defendant's presence in the district because registration can be withdrawn. While that observation is technically true, it is also somewhat irrelevant. Once a registered corporate defendant is sued and served within the district, it is too late for the defendant to revoke its registration. The defendant is subject to the jurisdiction of the court and any proceedings necessary to secure the defendant's presence can be taken by the court pursuant to the Federal Rules. If not wanting to submit to the power of the district court the defendant subsequently revokes it's registration, that would have no effect on any pending litigation, and future plaintiffs would then be able to utilize Rule

---

Stoli, which mentioned Erne among those cases which applied the erroneous standard. Aqua Stoli, 460 F.3d at 447 n.7.

4

> B attachment. Essentially, Rule B gives defendants a choice; either they subject themselves to the courts of the district or they open up the possibility that their property in the district will be attached.

Express Sea, Exhibit E to Wolfson Declaration, at 5).

And in Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 2008 A.M.C. 43 (S.D.N.Y. 2007) (copy attached as Exhibit F to Wolfson Declaration), Judge Sullivan also declined to follow Erne. Id. at 191 n.6.

> [I]t is undisputed that, as noted *supra*, WBC KS is a registered foreign corporation within the State of New York and, as such, under well-settled principles of New York State law, WBC KS has consented to general jurisdiction in the courts of the state, and, consequently, in this Court . . . Furthermore, it is beyond doubt that WBC KS has specifically consented, on the record, to the jurisdiction of this Court for the purposes of any and all proceedings relating to this action. Accordingly, based on the close similarity of the facts relating to the presence issue in this case with those found in *Integrated Container* [476 F. Supp. 119 (S.D.N.Y. 1979)], the fact that the Second Circuit has recently cited with approval the analysis of that issue by the district court in *Integrated Container*, and, as set forth in the *vacatur* decision, this Court's prior determination that the controlling factor with regard to the defendant's amenability to suit in the District, the Court finds that plaintiff's position does not present a substantial possibility of success on appeal.

Id. at 192; see also, Aqua Stoli, 460 F.3d at 445 n.4 (citing Integrated Container for the proposition that district courts have not "experienced any confusion" in the application of the requirement that the defendant not be "found" in the district).

5

The Court is respectfully reminded that we are dealing with the *ex parte* seizure of a party's assets, and the complete disruption of its ability to do business, based on nothing more than unproven allegations. See, generally, Great E. Shipping Co. v. Phoenix Shipping Corp., No. 07 Civ. 8373 (DLC), 2007 U.S. Dist. LEXIS 88911 (Dec. 4, 2007) ("[E]x parte proceedings, 'untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants.'") (quoting United States v. Minker, 350 U.S. 179, 188, 76 S. Ct. 281, 100 L. Ed. 185 (1956)). Plaintiff's securing of the attachment at issue based only one disfavored magistrate judge's decision, which has been noted by subsequent courts to have run afoul of the Second Circuit's approach, should not be countenanced.

Moreover, plaintiff's burden of proving that PGSC is not jurisdictionally present here is unsustainable on the facts, even irrespective of the registration to do business in the State. There can be no question that PGSC has contacts with the Port of New York sufficient to sustain personal jurisdiction under any minimum contacts analysis. See, generally, World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed, 2d 490, 501 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 2d 95 (1945). The Declaration submitted by an officer of PGSC establishes beyond cavil that PGSC has regularly solicited business in New York, employed agents in New York, formed contracts with parties in New York,

6

and chartered vessels moving goods to and from the Port of New York. (Tariq Declaration, Exhibit D to Wolfson Declaration).[2]

**CONCLUSION.**

WHEREFORE, PGSC urges the Court to vacate the ex parte order of maritime attachment and garnishment and grant to PGSC such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       May 20, 2008

                                    Respectfully submitted,

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Defendant
                                    PERSIAN GULF SHIPPING CO. INC.
                                    a/k/a PERSIAN GULF SHIPPING
                                    CO. LTD. a/k/a PGSC and PGSC
                                    MARINE LTD.

                                By: _____
                                    Garth S. Wolfson (GW 7700)
                                    11 Hanover Square, Tenth Floor
                                    New York, New York 10005
                                    (212) 385-1422

---

[2] If sufficient contacts with New York or any one particular state are questioned, there would then surely be no dispute that, at the very least, service of process could be accomplished in this District, and that ample contacts with the United States generally have been established. That would render PGSC subject to the personal jurisdiction of the Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(k)(2) ("[S]erving of a summons . . . is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state."); see also, World Tanker Carriers Corp. v. M/V Ya Mawlaya, 99 F.3d 717, 720-21 (5th Cir. 1996) (holding federal maritime claims fall within the purview of Rule 4(k)(2)).