```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
MARIMED SHIPPING INC.,                        08 CV 4228 (VM)


                    Plaintiff,


        -against-


PERSIAN GULF SHIPPING CO., INC. a/k/a
PERSIAN GULF SHIPPING CO. LTD. a/k/a
PGSC and PGSC MARINE LTD.,


                    Defendants.
-------------------------------------X
```

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF ORDER TO SHOW CAUSE

Garth S. Wolfson (GW 7700)

    Of Counsel

**MAHONEY & KEANE, LLP**
Attorneys for Defendant
PERSIAN GULF SHIPPING CO., INC.
a/k/a PERSIAN GULF SHIPPING CO. LTD.
a/k/a PGSC and PGSC MARINE LTD.
11 Hanover Square, Tenth Floor
New York, New York 10005
(212) 385-1422

TABLE OF CONTENTS

*Page*

REPLY ARGUMENT..................................................1

POINT I.        THE RULE B ATTACHMENT IN THIS CASE SHOULD
                BE VACATED BY VIRTUE OF PGSC'S PRIOR
                REGISTRATION TO DO BUSINESS IN NEW YORK..........1

POINT II.       IN ANY EVENT, PLAINTIFF HAS FAILED TO
                SHOW THAT PGSC'S CONTACTS WITH THIS
                DISTRICT, AND THE UNITED STATES GENERALLY,
                ARE NOT SUFFICIENT TO GIVE RISE TO PERSONAL
                JURISDICTION.....................................5

CONCLUSION......................................................8

## REPLY ARGUMENT

POINT I.  THE RULE B ATTACHMENT IN THIS CASE SHOULD BE VACATED BY VIRTUE OF PGSC'S PRIOR REGISTRATION TO DO BUSINESS IN NEW YORK.

On the issue of whether a defendant's having registered to do business under Section 1304 of New York's Business Corporation Law before a complaint is filed establishes personal jurisdiction such that the defendant can be "found" within the district pursuant to Rule B, plaintiff agrees that only three cases are known to have addressed the question. Compare Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH, 409 F. Supp. 2d 427 (S.D.N.Y. 2006), with Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 2008 A.M.C. 43 (S.D.N.Y. 2007);[1] Express Sea transp. Corp. v. Novel Commodities S.A., No. 06 Civ. 2404 (GEL) (S.D.N.Y. May 5, 2006); see also, Plaintiff's Memorandum of Law, at 6 ("It is no secret that there are only three cases that deal expressly with whether registration satisfies Rule B's presence test."). As this is a pure matter of law, there is little to add the three precedents before the Court on the point. But that the one

---

[1] Plaintiff's attempt to distinguish Centauri on the ground that "the defendant in Centauri, 'consented, on the record, to the jurisdiction of this Court for the purpose of any and all proceedings relating to this action' [and that] PGSC has done nothing of the sort," is misplaced. See, Plaintiff's Memorandum of Law, at 8 (citation omitted); see also id. at 14 ("It is significant that PGSC has not made itself available to suit for all claims in New York because it has not waived jurisdictional defenses."). PGSC's general Manager was quite clear in averring "[i]f the above is somehow not enough, I again reiterate that PGSC consents to the personal jurisdiction of the New York courts in this and other matters." (Tariq Declaration, Exhibit D to Wolfson Declaration, at ¶ 14).

decision upon which plaintiff relies was issued by a magistrate judge, was overruled, albeit, technically, on other grounds, by the Second Circuit in Aqua Stoli, and was then met with express and unusually emphatic disagreement by the two subsequent district judges to have addressed the matter, is telling, to say the least.

And, while acknowledging the above, plaintiff's Memorandum of Law nonetheless cites cases for the proposition that registering to business in New York has otherwise been held inadequate to defeat Rule B attachment. (Plaintiff's Memorandum of Law, at POINT II (C). What plaintiff fails to make clear is that every single one of those cases, aside from Erne, involved registration to do business after the Rule B complaint had been filed. It is also "no secret," and has never been PGSC's contention, that such ex post facto filings should not necessarily result in vacatur of the attachment. See, Parkroad Corp. v. China World Shipping Co., No. 05 Civ. 5085 (GBD), 2005 U.S. Dist. LEXIS 11122 (S.D.N.Y. Jun. 6, 2005) ("The defendant's presence in this district is to be determined as of the date the complaint is filed. Testing for the presence after the complaint has been filed would permit a defendant to wait until after a plaintiff files a complaint and then appoint an agent for service of process for the sole purpose of defeating attachment.") (citations omitted). Implicit in those holdings is the premise that, but for the timing, registering to do business in New York *would* otherwise defeat the attachment.

Indeed, plaintiff's, and for that matter Erne's, attempt to show that such registration does not establish general personal

jurisdiction is strained on the law, relying only on unspecific authority for the more broad proposition, again uncontested, that personal jurisdiction requires a presence in the district in addition to amenability for service of process. (Plaintiff's Memorandum of Law, at POINT II(A)). As to the matter at hand, however, "New York courts are in general agreement that a foreign corporation submits itself to the jurisdiction of New York courts when it registers to do business within this state under *New York Business Corporation Law § 1304*." Souleymane M'Baye v. World Boxing Ass'n, 429 F. Supp. 2d 652, 658 (S.D.N.Y. 2006) (compiling cases) ("As New York courts have explained, a voluntary use of certain State procedures . . . is in fact a form of constructive consent to personal jurisdiction which has been found to satisfy due process . . . The privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction.") (citations omitted); see also, Speed v. Pelican Resort N.V., No. 91 Civ. 7686 (SWK), 1992 WL 147646, 1992 U.S. Dist. LEXIS 8278, *3 (S.D.N.Y. Jun. 16, 1992) ("Both this Court and the New York State courts have held that a foreign corporation which registers to do business Under BCL § *1304* and establishes the Secretary of State as its agent upon whom process may be served under BCL § *304*, has consented to personal jurisdiction in the State of New York."); Amalgamet, Inc. v. LeDoux & Co., 645 F. Supp. 248 (S.D.N.Y. 1986); Advance Realty Assoc's v. Krupp, 636 F. Supp. 316 (S.D.N.Y. 1986).

Erne is, therefore, a "stand-alone" case and should plainly remain so.[2]

---

[2] Plaintiff also asserts that "Defendants do not contest, and therefore concede, that PGSC Marine is not present in New York. Thus, the only question before the Court on this motion is whether PGSC can be found within this district for the purposes of Rule B." (Plaintiff's memorandum of Law, at 4). But a finding that PGSC is subject to the personal jurisdiction of the Court, and thus found in this district within the meaning of Rule B, would dispose of all claims, including those against PGSC's alleged "a/k/a" and "alter-ego" PGSC MARINE LTD. Obviously, "if personal jurisdiction exists over an individual, personal jurisdiction exists also over his or her corporate alter ego." Securities and Exchange Comm'n v. Montle, 65 Fed. Appx. 749, 753-54, 2003 U.S. App. LEXIS 4612 (2d Cir. 2003) (summary order) ("Inasmuch as personal jurisdiction exists over Haryman, personal jurisdiction over his alter ego is proper as well."); Wm. Pasquala Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 141 (2d Cir. 1991) ("[I]f the plaintiff in this case can prove the defendants are in fact the *alter ego* of Developers, defendants' jurisdictional objection evaporates because the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the *alter egos* are treated as one entity.") (citing Dudley v. Smith, 504 F.2d 979, 982-83 (5th Cir. 1974)); Quebecor World (USA), Inc. v. Harsha Assoc's, L.L.C., 455 F. Supp. 2d 236, 244 (W.D.N.Y. 2006) ( "'If personal jurisdiction exists over the dominating entity, then it exists over its corporate alter egos.'") (quoting Miramax Film Corp. v. Abraham, No. 01 Civ. 5202, 2003 WL 22832384, *7, 2003 U.S. Dist. LEXIS 21346 (S.D.N.Y. Nov. 23, 2003)).

POINT II.   IN ANY EVENT, PLAINTIFF HAS FAILED TO SHOW THAT PGSC'S CONTACTS WITH THIS DISTRICT, AND THE UNITED STATES GENERALLY, ARE NOT SUFFICIENT TO GIVE RISE TO PERSONAL JURISDICTION.

Plaintiff uses a "broad brush" in characterizing PGSC's factual submissions as no different than those in Erne, 409 F. Supp. 2d at 407, and VTT Vulcan Petroleum v. Langham-Hill Petroleum, Inc., 684 F. Supp. 389 (S.D.N.Y. 1988). But PGSC's Declaration is before the Court, and plaintiff's description of its contents is just wrong.

Vulcan is presented for the proposition that past business activity alone does not necessarily establish personal jurisdiction over the defendant. However, "[i]n general jurisdiction cases, district courts should examine a defendant's contacts with the forum state[3] over a period that is reasonable under the circumstances – up to and including the date that suit was filed – to assess whether they satisfy the 'continuous and systematic' standard. The determination of what period is reasonable in the context of each case should be left to the court's discretion." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569-70 (2d Cir. 1996). The Declaration submitted by PGSC is extensive; it concerns recent contracts and dealings before filing the complaint, at the time of the filing,

---

[3] "In determining whether personal jurisdiction exists over a foreign defendant who . . . has been served under a federal service of process provision, a court should consider the defendant's contacts throughout the United States and not just those contacts with the forum." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 152 n.12 (2d Cir. 2001) (citations omitted).

and also after the filing.  See, generally, Tariq Declaration, Exhibit D to Wolfson Declaration.  Its specificity in this regard is unassailable, going so far as to name parties, dates, brokers, vessels, ports, and cargoes.  PGSC's contacts are not occasional or sporadic, they are regular and supported by established agents, which is why PGSC registered to do business in New York and is in the process of opening its own office here.  Rather than addressing these undisputed facts, plaintiff has merely glossed them over in an effort to simply lump this matter in together with other, inapposite cases.

Other contacts notwithstanding, moreover, plaintiff emphasizes Erne's reluctance to find a jurisdictional presence in the absence of in-state "public relations work" and "individuals permanently located in the state to promote its interest . . . **None** of these factors are present here."  (Plaintiff's Memorandum of Law, at 9-10) (emphasis in original).  But, again, plaintiff is mistaken.  "'A non-resident corporation may be subject to jurisdiction, on a general or specific basis, depending on the contacts and actions of its agents.'"  Ivan Visin Shipping Ltd. v. Onego Shipping & Chartering B.V., No. 08 Civ. 1239 (JSR), 2008 U.S. Dist. LEXIS 25028 (S.D.N.Y. Apr. 1, 2008) (quoting Automated Salvage Transp., Inc. v. NV Koninklijke KNP BT, 1997 WL 576402, *22, 1997 U.S. Dist. LEXIS 14062 (D.N.J. Sep. 12, 1997)) (citing Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993) ("Activities of a party's agent may count toward the minimum contacts necessary to support

6

jurisdiction."); Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal."); Green v. Compania de Navigacion Isabella, Ltd., 26 F.R.D. 616, 617-18 (S.D.N.Y. 1960) (holding that regular and continuous course of business conducted by corporation in New York on behalf of foreign vessel owner was sufficient to establish personal jurisdiction)). Aside from contracting with parties based in the New York area, shipping goods to and from New York and other United States ports, regularly employing the services of new York brokers, and availing itself of this Court in unrelated matters, PGSC has averred that PGSC employs an agent on Staten Island "to solicit cargo bookings in New York and for marketing purposes." (Tariq Declaration, Exhibit D to Wolfson Declaration, at ¶ 14). Once again, therefore, plaintiff has chosen to fashion a "procrustean bed," ignoring the factual record before the Court to suit a preconceived argument that has no application to the circumstances at bar.

   Whether by virtue of its prior consent to this Court's jurisdiction in formally registering to do business in New York or by virtue of its ongoing contacts with this forum, PGSC is clearly present in this district for jurisdictional purposes and thus "found" here within the meaning of Rule B.

CONCLUSION.

WHEREFORE, PGSC urges the Court to vacate the *ex parte* order of maritime attachment and garnishment and grant to PGSC such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        June 4, 2008

                        Respectfully submitted,

                        MAHONEY & KEANE, LLP
                        Attorneys for Defendant
                        PERSIAN GULF SHIPPING CO. INC.
                        a/k/a PERSIAN  GULF SHIPPING
                        CO. LTD. a/k/a PGSC and PGSC
                        MARINE LTD.

By: _____
      Garth S. Wolfson (GW 7700)
      11 Hanover Square, Tenth Floor
      New York, New York 10005
      (212) 385-1422